STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  Docket No. CV-04-78

RONALD FITCH,

        Plaintiff,

v.                                                ORDER

JAMES STANLEY,

        Defendant.


Before the court is defendant James Stanley's motion to dismiss the first amended complaint. This case arises from an unauthorized email sent by Stanley under the name "Ronald Fitch <fitchisland@hotmail.com>" which plaintiff Ronald Fitch alleges was intended to harm him and expose him to ridicule.

For purposes of a motion to dismiss, the material allegations of the complaint must be taken as admitted. The complaint must be read in the light most favorable to the plaintiff to determine if it sets forth elements of a cause of action or alleges facts that would entitle plaintiff to relief pursuant to some legal theory. A claim shall only be dismissed when it appears beyond doubt that a plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim. In re Wage Payment Litigation, 2000 ME 162 ¶ 3, 756 A.2d 217, 220.

In is motion Stanley separately challenges each individual count asserted in the first amended complaint and also raises a general First Amendment defense applicable to all counts. The court will first address the challenges to each individual count and will then consider the First Amendment issue.

1.    Count I – Invasion of Privacy

Count I of the first amended complaint asserts a general claim for invasion of privacy. Under Maine law, which follows the Restatement on this issue, there are four separate sets of claims that fall under the general heading of invasion of privacy. See Restatement, Second, Torts § 652A; Nelson v. Maine Times, 373 A.2d 1221, 1223 (Me. 1977). Counts II and III of the complaint specifically allege two of the recognized forms of invasion of privacy – misappropriation of name and false public light. It does not appear that Fitch is seeking, either in Count I or elsewhere in his first amended complaint, to assert any claim under the remaining two invasion of privacy sections, Restatement § 652B (unreasonable intrusion upon seclusion of another) or § 652D (unreasonable publicity given to another's private life). Accordingly, Count I will be dismissed as redundant.

2.    Count II – Misappropriation of Identity

Count II of the complaint alleges misappropriation of identity. Restatement, Second, Torts § 652C provides that "[o]ne who appropriates to his own use or benefit the name or likeness of another is liable to the other for invasion of privacy." The court concludes that the complaint, read in its entirety in the light most favorable to the plaintiff, states a cognizable claim under § 652C.

Stanley's primary argument on this issue is that the complaint fails to allege that defendant benefited from the misappropriation. However, the complaint alleges that the email at issue was sent with malice as part of a plan to cause injury to Fitch (e.g., First Amended Complaint ¶¶ 7, 12-13). Read in the light most favorable to plaintiff, this adequately alleges that Stanley misappropriated Fitch's name for his own purposes

2

have been false and defamatory.  See Picard v. Brennan, 307 A.2d 833, 834-35 (Me. 1973).

8.    First Amendment

For the reasons specified above, absent Stanley's First Amendment defense, the court would conclude that the motion to dismiss should be denied as to Counts II, V, and VI of the First Amended Complaint.  Stanley's First Amendment defense is based on Hustler Magazine v. Falwell, 485 U.S. 46 (1988).  However, the Hustler Magazine case relates to public figures.  See 485 U.S. at 50-51, 53, 56.  Viewing the allegations of the complaint in the light most favorable to plaintiff for purposes of this motion, Fitch is neither a public figure nor was the offending email a matter of public concern.  Accordingly, no special First Amendment protection applies.  See Ramirez v. Rogers, 540 A.2d 475, 477 (Me. 1988).

The Hustler Magazine case does not speak to the question of what First Amendment protection, if any, applies to a parody of someone who is not a public figure.  Moreover, there is also a factual issue whether the recipients of the email were intended to believe that it was authored by Fitch or whether they knew or should have known that some kind of spoof or parody was involved.  Those issues cannot be resolved on the present record.

The entry shall be:

> Defendant's motion to dismiss is granted as to Counts I, III, and IV of the first amended complaint and denied as to Counts II, V, and VI.  If plaintiff is seeking to assert a cause of action for defamation, plaintiff shall amend his complaint within 10 days from the date this order is filed to allege defamation as a separate count.  The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

6

Dated: December 16, 2005

Thomas D. Warren
Justice, Superior Court

OF COURTS
ɔrland County
). Box 287
laine 04112-0287

PETER DETROY, ESQ.
PO BOX 4600
PORTLAND, ME 04112



K OF COURTS
ɔerland County
.O. Box 287
Maine 04112-0287

THOMAS CONNOLLY, ESQ.
PO BOX 7563
PORTLAND, ME 04112

